Mr. Chief Justice Watkins délivered the opinion of the Court’. The appellant was indicted for disturbing a religious congre-< gation. The section of the statute, upon which the indictment appears to have been framed, is as follows: “If any person shall maliciously, or contemptuously disturb, or disquiet any congregation or private family, - assembled in any church or other place, for religious worship, by profanely swearing, or using indecent gestures, or threatening language, or committing any violence of any kind to, or upon any person so assembled, the person so offending, upon conviction thereof,- shall be adjudged guilty of s~ misdemeanor, and shall be fined in any sum not less than twenty dollars, nor more than fifty dollars.” This is the only statutory provision against that species of offence. The indictment charges that the defendant, on, &c., at, &c., did, maliciously and contemptuously disturb, and disquiet, a certain congregation, then and there assembled, in a certain church in said county of Yell, for religious worship, by then and there using indecent gestures and threatening language in the presence and hearing of said congregation so assembled, in the church aforesaid, for religious worship, &c. The testimony, on the trial, conduced to prove, that, at the time alleged, a certain congregation of people -were assembled for religious worship, at a place in the open air, that had been temporarily prepared for the purpose, about forty yards from the meeting house. While the preacher was discoursing, he made some remarks of a controversial character, upon which the defendant, who is a preacher, belonging to a different denomination, interrupted his discourse, by declaring, in words, to this effect, “ The doctrines you advance are untrue and false; I hold the word of God in my hand, and am prepared to defend it, on all occasions.” The defendant seemed much excited, but did not make any gestures, or use any threatening language. The interruption crea~ ted a confusion or disturbance in the congregation, for a short time, when some one present remonstrating with the defendant, he took his seat, and order was restored. Wo objection was made, during the trial, to the introduction of' testimony, and no instructions asked for the jury, and the exception extends only to the' decision overruling the motion for a new trial, so that the only question here is, was there a failure of evidence, considering as proved every fact which it conduced to prove, in order to uphold the verdict, to establish that the defendant was guilty of the offence charged. Under the statute quoted, it is' necessary that the time, place- and manner of the offence should be charged with reasonable certainty, as in all other cases, to. apprise the defendant of the nature of the accusation, so as to enable him to defend against it, and to protect him from another indictment for the same of-fence. Though in misdemeanors, a less degree of certainty may suffice than what is required in felonies, the reason of the rule is the same in all cases. In the case of The State vs. Ratliff, 5 Eng. 530, it was decided., as to the manner of the disturbance, that if it be one of the kinds of disturbance enumerated in the statute, as by profanely swearing, or using indecent gestures or threatening language, it is sufficient to charge the offence in the words of the statute, without specifying the profane or threatening language, or the particular gestures used. This was affirmed in The State vs. Menyard, (6 Eng. 156,) and Fletcher vs. The State, ib. 169, where it was also held that an indictment charging in general terms that the defendant maliciously and contemptuously disturbed a religious congregation, without any allegation as to the manner of the disturbance, is insufficient. Holding this indictment to be sufficient within the decision made in The State vs. Ratliff, and conceding that it is only necessary to describe the place as a certain church, without setting out any name or description by which it is commonly known; yet, to the extent that the allegation as to place is required at all, it is material, and ought to be proved as alleged. It is true that, correctly speaking, it is the body of people or worshippers associated together for religious purposes, that constitutes a church, and they are equally protected by the statute against disturbance, though assembled at a camp-ground, or in the open air, or in a private house. But the words of the statute, applying to private families, as well as congregations assembled, “in any church or other place,” must be construed with reference to locality, and the place becomes matter descriptive of the offence charged. In this sense, the word “church” means the building or house used on the occasion of the disturbance alleged, and if such disturbance was not in a church, but in some other place, it cannot be questioned but that the indictment ought to set forth, with reasonable certainty, a description of such place, in order to charge the defendant and put him upon plea. Then if the averment of the place is material to be alleged, the proof in this case not only fails to show that the disturbance complained of was made in a church, as charged in the indictment, but shows affirmatively that it was in another and different place where the congregation were assembled; and as to this allegation, it cannot be said that there was any evidence to uphold the verdict. Another question arises as to the manner of the disturbance. It is alleged to have been by using indecent gestures and threatr ening language in the presence and hearing of the congregation. According to the cases of The State vs. Ratliff, and The State vs. Menyard, before cited, this description was sufficiently specific, to let in proof of any indecent gestures or threatening language used by the defendant on that occasion, and this court would not award a new trial, because the verdict was against the weight of evidence, if there was any evidence of an act on his part coming fairly within either of those descriptions. But it would require a strained construction of the statute to hold, upon the facts proved at the trial, that any thing done or said by the defendant, amounted to t.he use of indecent gestures or threatening language. Every witness, as well on the part of the prosecution, as for the defence, expressly states that the defendant did not make any gestures, or use any threatening language, and the conclusion is forced upon us that for this defect of proof to sustain the allegation as to the manner of the disturbance, the conviction is wrong. Nor would any act of his, on that occasion, come under the general clause, “committing any violence of any kind to, or upon any person so assembled.” According to the usual rules for construing penal statutes, we apprehend that clause would be held to mean personal violence, against one or more of the con-gregetion, and the indictment on it ought to contain some specification of the kind of violence, and the person upon whom it was committed. The opinion in The State vs. Ratliff, does not hold that an indictment charging the offence in the words of this general or residuary clause, would be sufficiently specific. The statute guards against what we may suppose to be the most common modes of disturbing religious assemblies, but it is a very lame one, if the intention of it be, by the expression of some descriptions of disturbance,1'to exempt from punishment or impliedly sanction all other kinds of disturbance not enumerated. No doubt the acts of the defendant here were calculated to disturb the religious exercises then going on. His conduct was improper; and in the absence of any evidence going to show that his address to the preacher was in response to an invitation to religious controversy or discussion, a jury might well find it to have .been malicious or contemptuous. He had no right to object to •the religious tenets of others, and if the expression of them was offensive to him, was under no compulsion to hear them. So, various modes of disturbance may be supposed, not falling within any of the descriptions enumerated in the statute, such as ■a loud talking or laughing, with the intention of creating a disturbance. So, if a spectator in the congregation were to take it upon himself to hiss or applaud, or the firing of guns in the vicinity of a church during divine service, if done of purpose to disquiet the congregation. It might be the duty of the court to decide that all such acts may be indicted and punished as common law offences, because they are irreverent, and because they are unlawful invasions of the right of others to worship according to the dictates of their own consciences, and tending inevitably to breaches of the peace. But, in the case now before the court, the defendant cannot be held guilty of an office of which he is not charged. .Our opinion is, that the judgment ought to be reversed, a new trial awarded, and the cause remanded, with instructions that it be proceeded in according to law and not inconsistent with this opinion.